Ruffin, C. J.
 

 The judgment is erroneous; being rendered neither according to the common law, nor the statute. At common law the judgment in replevin, upon a verdict for the defendant, is, that he have a return of the goods, to be held by him irreplevisable ; and, upon a non-suit, it is for the return merely.
 
 Blk. Com.
 
 149. 1
 
 Arch. Pr.
 
 83. It was by
 
 St.
 
 7,
 
 Hen.
 
 8,
 
 ch.
 
 4, and
 
 Hen. 8, ch.
 
 19, that avowants and .other defendants, in certain actions of replevin, were allowed to recover damages, after a verdict or a non suit, to be assessed or enquired of by a jury at the prayer of the defendant. 2
 
 Sellon’s Pr.
 
 269, 271.
 
 Arch. Forms,
 
 426-7. The judgment is for the return of the goods, and for the damages'and costs. Now, our act, after prescribing what judgment the plaintiff in replevin shall have, when the slave is delivered to him or kept by the defendant, proceeds to enact what shall be done when the slave is delivered to the plaintiff and there is a verdict for the defendant, namely, that the damages, sustained by the defendant by being deprived of his property, shall be ascertained upon an issue, and that judgment shall be rendered against the plaintiff and his sureties for the amount of the bond given by them, to be discharged upon the payment of the damages assessed and costs.
 
 Rev.. Stat. ch.
 
 101,
 
 s.
 
 6. It omits the provisions contained in the English Statutes for an assessment of damages, when there is a non-suit. Whether, when there is a verdict, the damages are to include the value of the slave, as weli as the loss from being deprived of the possession of'the property, or the judgment is still to be for a return and for the damages, restricted to those arising from the
 
 *465
 
 change of possession, may, possibly, admit of some doubt, as the act is expressed. One would certainly expect, indeed, that the defendant would be entitled to the return of the slave, especially if he desired it. The point has-not been before this Court, and we are not informed of the construction placed on that part of the act on the Circuits, until the present case. The Court does not propose to decide if, as it does not affect this case. If, however, the rule laid down to the jury be correct, it would seem highly probable, that the omission to provide for a' case of non-suit was of purpose ; as this case shows there might be gGod reasons for the distinction. For it would be an exceedingly great hardship upon the plaintiff, to be conclusively bound to pay the value of the slave and his hire, or, at least, the debt in the execution, if less than such value, merely for a mistake in the form of the action brought by him. If a verdict be rendered for the defendant, it may be assumed that he has established the slave to be “his property.” But this non-suit was ordered, simply because the sheriff was not liable to be sued in replevin, and the presumption rather is, that the plaintiff would have shown the property to be his, if the. Court could have heard his evidence. At all events, the title stands indifferent
 
 i
 
 and in that state of the case it may well be, that the Legislature meant the plaintiff should not be absolutely bound to pay the value of the negro, that is, the utmost, which would have been- recovered from him, if there had been a verdict against him on the title. It certainty is more just, that the judgment should be for the return of the slave, as at common law ; and after that shall be done the parties will then-be at large again, to assert and defend their respective titles to the slave in detinue, or such other actions, as may be proper to bring the matter to a decision on the' merits. But, whether the omission of a provision in the act for a non-suit was by design or over sight, it certainty-
 
 *466
 
 exists; and therefore in such a case there cannot be judgment for damages, but only for a return and the costs-If the slave should not be returned in obedience to the judgment, the defendant will have redress on the replevin bond, which is payable to himself; and if he should be returned, he will then be held or disposed of by the defendant, as if he had not been replevied.
 

 The judgment must be reversed with costs in this Court, and a judgment entered, as at common law, for the return of the slave and the costs in the Superior Court.
 

 Per Curiam.
 

 Judgment reversed and judgment for defendant